**UNITED STATES of America,**
**Appellee,**

v.

**Gary MARSHALL, Jr., a/k/a Gary**
**Marshall, Appellant.**

**No. 00–3071.**

United States Court of Appeals,
District of Columbia Circuit.

Aug. 3, 2001.

Before KAREN LECRAFT HENDERSON, ROGERS, and GARLAND, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that the district court's judgment filed June 30, 2000 be affirmed. The district court did not abuse its discretion or misapply the law in its denial of appellant's motion for new trial. *See United States v. Rouse*, 168 F.3d 1371, 1375 (D.C.Cir.1999). The district court's determination that the testimony of Michael Blake would not probably lead to an acquittal was not an abuse of discretion. *See United States v. Woolfolk*, 197 F.3d 900, 905 & n. 1 (7th Cir.1999) (district court's denial of new trial based upon witness' lack of credibility not abuse of discretion); *Rouse*, 168 F.3d at 1376 (same). The district court's conclusion that the testimony of appellant's proposed expert would have been discovered prior to trial with due diligence was not an abuse of discretion. *See United States v. Austin*, 103 F.3d 606, 609–10 (7th Cir.1997) (new trial not warranted where expert testimony could have been produced prior to trial; defendant had not used due diligence); *United States v. McKinney*, 79 F.3d 105, 108 (8th Cir.1996) (same), *rev'd on other grounds*, 520 U.S. 1226, 117 S.Ct. 1816, 137 L.Ed.2d 1025 (1997).

The Clerk is directed to withhold issuance of the mandate herein until seven

days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.